UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN W. LUSTER                              CIVIL ACTION NO. 15-0402

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

JOHN MONK THOMAS (DECEASED),                MAGISTRATE JUDGE HORNSBY
ET AL.

**MEMORANDUM RULING**

Before the Court is an appeal filed by John W. Luster ("Luster"). See Record Document 5. The appeal is unopposed. For the reasons set forth below, Luster's appeal is **GRANTED** and the matter is **REMANDED** to the United States Bankruptcy Court, Western District of Louisiana, Shreveport Division for further proceedings consistent with this Court's ruling.

**I.     BACKGROUND**

This appeal arises out of a United States Bankruptcy Court's refusal to grant *nunc pro tunc* approval of an Application to Employ Counsel pursuant to 11 U.S.C. § 327(a)(1). See Record Document 5. Luster is the Chapter 7 bankruptcy trustee in In Re: John Monk Thomas (Deceased) and Tracy Jo Patterson Thomas, Case No. 12-12853, pending in the United States Bankruptcy Court, Western District of Louisiana, Shreveport Division. See Record Document 2-1 at 7, ¶ 1. Luster began rendering legal services to the estate no later than October 15, 2013. See Record Document 5. In late November or early December 2014, Luster discovered that due to a clerical error, the Application to Employ Counsel had not been filed in 2013 when he was appointed as the Chapter 7 trustee. See id. Luster immediately prepared and filed the Application to Employ Counsel seeking *nunc*

*pro tunc* relief.  A hearing was held on December 29, 2014, with additional briefing requested by the presiding judge, and a final hearing was held on January 26, 2015.  The Bankruptcy Court then issued its Order Approving in Part and Denying in Part the Application for Appointment of Attorney for Estate *Nunc Pro Tunc* on January 27, 2015.  See Record Document 1-1.

While serving as the Chapter 7 trustee, Luster filed motions to sell movable and immovable property of the estate, filed motions to pay secured creditors, and filed a discharge complaint.  See Record Document 2-1 at 7, ¶ 4.  He spent 66.30 hours on these tasks.  See id. at 7, ¶ 5.  Luster has estimated the cost of his fees owed as $19,890.00 and his expenses incurred as $1,199.38.  See Record Document 5.  No objection has been filed to the relief sought by Luster in the instant appeal.  Thus, the record remains unquestioned as to the quality and/or timeliness of the work performed by Luster.  Likewise, it is undisputed that the estate and creditors directly benefitted from Luster's work.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

The standard of review as established by the Fifth Circuit is that a bankruptcy court's rulings on *nunc pro tunc* employment are reviewed for abuse of discretion.  See Matter of Briscoe Enterprises, Ltd., 994 F. 2d 1160, 1170 (5th Cir. 1993).  For conclusions of law reached by the bankruptcy court, the Court should review such conclusions de novo.  See Matter of Inter Urban Broadcasting of St. Louis, 174 B.R. 441, 444 (E.D. La. 1994).

### B.  Jurisdiction

This Court has jurisdiction of this appeal under 28 U.S.C. § 158(a)(1), as this proceeding is an appeal from a final order of the United States Bankruptcy Court for the

Western District of Louisiana.

**C.     Analysis**

The question addressed by Judge Norman was whether the application should be retroactive to the date Luster first did the work for the Chapter 7 estate or should compensation begin on the date of the application.  Judge Norman reasoned that bankruptcy courts retain equitable powers and in the exercise of sound discretion may grant approval *nunc pro tunc* under exceptional circumstances.  See In re Little Greek Restaurant, 205 B.R. 484 (Bankr. E.D. La. 1996).  Judge Norman emphasized the "exceptional circumstances" standard that was used by the Fifth Circuit in In re Triangle Chemicals, Inc., 697 F. 2d 1280, 1282 (5th Cir. 1983).  The critical issue as applied by the Bankruptcy Court to this set of facts was whether the negligent oversight of Luster rose to the level of "exceptional circumstances."

Luster argues in his brief that a portion of the Triangle holding was implicitly overruled by the United States Supreme Court in Pioneer Ins. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S.Ct. 1489 (1993).  Although it deals with a different issue, whether to permit a tardy claim in a Chapter 11 bankruptcy case to relate back, Luster believes it is applicable to these facts of the instant matter.  Pioneer rejects the line of cases requiring a showing of "exceptional circumstances" and instead directed lower courts to apply the less stringent "excusable neglect" standard made applicable by Federal Bankruptcy Rule 9006 to the late claim analysis.

In the event this Court believes Triangle is the correct legal standard, Luster argues that Judge Norman misapplied the standard to the facts and circumstances by failing to consider all of the factors commonly considered by courts in granting/denying *nunc pro tunc*

relief.  The factors used by the Pioneer court include (1) danger of prejudice to debtor, (2) the length of the delay, including whether it was within the reasonable control of the movant, and (3) whether the movant acted in good faith.  This Court agrees that Pioneer has implicitly overruled Triangle and that Luster has adequately satisfied the three Pioneer factors.  Additionally, while the Court is cognizant that this case involves a Chapter 7 trustee and Pioneer relates to a Chapter 11 issue, the reasoning of Pioneer is sufficiently applicable to this case to control the outcome.

This Court first notes that no opposition has been filed by the Appellees in this matter.  It is significant that the Appellees do not have an objection to Luster being paid for services rendered, even though the Application to Employ Counsel was not timely filed due to a clerical error.  It is also important to note that Luster completed an extensive amount of work, totaling more than 66 hours, which directly benefitted the estate, the debtor and the Bankruptcy Court.  This Court agrees that "extraordinary circumstances" is the latest standard espoused by the Fifth Circuit when evaluating the *nunc pro tunc* application and believes that the factual circumstances of this case rise to the level of extraordinary circumstances. The debtor and estate received the benefit of the work performed by Luster and it would be a disservice to prevent Luster from receiving payment for the work he performed.  The exceptional circumstances presented by the facts of this case should result in Luster receiving payment for services rendered.

**III.    CONCLUSION**

For the reasons set forth above, the appeal filed by Luster (Record Document 5) is **GRANTED** and this matter is **REMANDED** to the United States Bankruptcy Court, Western District of Louisiana, Shreveport Division for further proceedings consistent with this Court's ruling.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 25th day of August, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE